UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>MICHAEL JASON LAYES AKA<br><br>MIKEY DIAMOND STARRETT,<br><br>Defendant. | CASE NO. MJ21-5189TLF<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

## REASONS FOR DETENTION

The Court has considered the factors listed in 18 U.S.C. § 3142(g). Mr. Layes/Starrett is charged with unlawful possession of an unregistered firearm, under 26 U.S.C. Sections 5861(d) and 5845(a)(2). Dkt. 1. Information and argument were presented during the hearing on the government's Motion for Detention on September 13, 2021, and information was provided by Pretrial Services, including the pretrial services report (Dkt. 2, 5).

DETENTION ORDER - 1

The four factors the Court must consider under the Bail Reform Act are: 1. nature and seriousness of the charges; 2. weight of the evidence against the defendant; 3. history and characteristics of the defendant; and 4. "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4). The Bail Reform Act recognizes that release should be the normal course, and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In evaluating whether the defendant poses a serious potential for dangerousness, it is not necessary for the Government to produce, or for the Court to rely on, evidence of prior convictions for violent crimes. *United States v. Hir,* 517 F.3d at 1091-92; *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

Mr. Layes/Starrett has no current residential address, and his former place of residence was with his girlfriend in a home owned by her family. This factor weighs in favor of detention -- because the government proffered that his girlfriend is no longer willing to have the defendant live with her – she considers him too dangerous and unstable.

Thurston County Superior Court also issued an extreme risk protective order, which, according to RCW 7.94.040(2), means the Court determined that Mr. Layes/Starrett is not allowed to possess or control any firearms, and found (by a preponderance of the evidence) a significant danger that he would cause personal injury to himself or others. This weighs in favor of detention.

Mr. Layes/Starrett has a business of his own, and professional credentials, so his employment is a factor that weighs in favor of release. Yet, he lacks community support

DETENTION ORDER - 2

– the defense did not disclose to U.S. Pretrial Services any friends or family who would verify Mr. Layes/Starrett's information, nor did the defense disclose to Pretrial Services the name of anyone who would be willing to be a third-party custodian, or allow him to live in their place of residence. Moreover, the government proffered that individuals who know Mr. Layes/Starrett were interviewed; these individuals reported the defendant has an extreme drug or alcohol problem. The defense did not give Pretrial Services any information that would allow Pretrial Services to formulate a plan to address any drug or alcohol problems; in order to craft conditions of supervised release to mitigate this type of risk, the defendant would need to cooperate with Pretrial Services. The facts show that he would be unlikely to conform his behavior to assist Pretrial Services in his supervision, or to follow the Court's orders.

During the detention hearing, the government proffered that they have specific evidence of (but have not yet charged) Mr. Layes/Starrett's activities of allegedly setting fires near Jehovah's Witnesses places of worship in the Western District of Washington between March 2018 and June 2020. The government also stated that the defendant's girlfriend indicated: the defendant told his girlfriend that he heard voices, and the voices were telling the defendant to hurt her, or to hurt her parents, and the voices told him they would kill him.

The Court finds that these facts, in addition to the facts set forth in the Complaint (Dkt. 1) regarding circumstances of the current offense, are sufficient to meet the standard for detention under the Bail Reform Act. The government has met its burden by clear and convincing evidence to show that the defendant poses a significant risk of danger to the community, and has shown by a preponderance of the evidence that the

DETENTION ORDER - 3

defendant may fail to appear because he would likely not conform his behavior to the Court's orders if he were released on bond. There are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a Court of the United States or on request of an attorney for the government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 14th day of September, 2021.

Theresa L. Fricke
United States Magistrate Judge