Honorable David G. Estudillo

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   UNITED STATES OF AMERICA,              NO.  CR21-5334-DGE

11                       Plaintiff,         UNITED STATES' RESPONSE IN
                                            OPPOSITION TO DEFENDANT'S MOTION
12        v.                                TO REOPEN DETENTION HEARING

13   MICHAEL JASON LAYES a/k/a              *Noted on Motion Calendar: Nov. 5, 2021*
     MIKEY DIAMOND STARRETT,
14
                        Defendant.
15

16

17        The United States of America, by and through Nicholas W. Brown, United States

18   Attorney for the Western District of Washington, and Rebecca S. Cohen, Assistant

19   United States Attorney for said District, files this response in opposition to the motion to

20   reopen the detention hearing of Defendant Michael Jason Layes a/k/a Mikey Diamond

21   Starrett.  Docket 27.  As discussed below, the Government asks the Court to deny the motion

22   because the underlying reasons for Layes' detention – the danger he presents to the

23   community and the risk of nonappearance – have not changed.

24   //

25   //

26   //

27

28

## I.  BACKGROUND FACTS

Michael Jason Layes a/k/a Mikey Diamond Starrett ("Layes") is the target in an investigation into a series of arsons and a shooting at Jehovah's Witness facilities in Thurston, Pierce, and Mason Counties between March 2018 and June 2020.[1]  The dates and locations of the arsons and shooting under investigation are provided below as follows:

- March 19, 2018: Arson-Olympia Kingdom Hall (2225 Cain Rd SE, Olympia, WA);

- March 19, 2018: Arson-Tumwater Kingdom Hall (1199 N 9th Ave SW, Tumwater, WA);

- May 15, 2018: Shooting-Yelm Kingdom Hall (15012 Vail Rd SE, Yelm, WA);

- July 3, 2018: Arson-Olympia Kingdom Hall (2225 Cain Rd SE, Olympia, WA 98501);

- August 8, 2018: Arson & hoax device-Yelm Kingdom Hall (15012 Vail Rd SE, Yelm, WA);

- December 7, 2018: Arson-Lacey Kingdom Hall (6526 6th Ave SE, Lacey, WA);

- August 13, 2019: Arson-Puyallup Assembly Hall (11515 62nd Ave E, Puyallup, WA);

- June 24, 2020: Arson-Shelton Kingdom Hall (11 W Sentry Ct, Shelton, WA).

On September 3, 2021, the Honorable Theresa L. Fricke, United States Magistrate Judge, Western District of Washington, issued warrants authorizing the search of a residence in Olympia, Washington, where LAYES was living with his then girlfriend, a woman with the initials T.N.  The warrants also authorized the search of Layes' person, vehicle, and a Samsung S7 cell phone.  3:21-MJ-05186.

---

[1] Due to the nature of the potential charges related to the arsons and shooting, the U.S. Attorney's Office and Department of Justice Civil Rights Division are statutorily required to obtain certification from the Attorney General or his designee prior to instituting hate crime charges for those events. 18 U.S.C. § 247(e).

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 2
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

At approximately 6:00 a.m. on Wednesday, September 8, 2021, law enforcement executed the above referenced warrants and conducted a search of the residence.  At the time they searched the residence, the Thurston County Superior Court had already issued an Extreme Risk Protection Order against Layes pursuant to RCW § 7.94, *et seq*., finding that Layes poses a significant danger of causing personal injury to himself or others by having in his custody or control, purchasing, possessing, or receiving a firearm.

Two individuals were present at the residence when law enforcement arrived on September 8, 2021, Layes and T.N.  Law enforcement found six firearms in the residence, including a weapon made from a Remington 870 Express Magnum, 12-gauge shotgun bearing Serial Number C568363M, found in Layes' bedroom.  The firearm was tucked between the mattress and the bedroom wall.  T.N. told agents that she does not own any firearms and that all guns in the house belong to Layes.  Likewise, Layes made statements to law enforcement confirming his knowledge and possession of the firearm.  Due to the overall length of the firearm and the length of its barrel, the firearm cannot be legally manufactured, possessed or transferred in the United States without registration pursuant to the National Firearms Act (NFA).  ATF determined that the firearm in question is not registered to Layes with the NFA Branch as a Weapon Made from a Shotgun, as required by law.  *See* Complaint (Dkt. 1).

Law enforcement therefore conducted a probable cause arrest of Layes the morning of the search.  Later that same day Magistrate Judge Fricke signed a Complaint charging Layes with one count of unlawful possession of an unregistered firearm, in violation of Title 18, United States Code, Sections 5861(d) and 5845(a)(2), and Layes made his initial appearance before the Court.  The Court conducted a detention hearing on September 13, 2021, and ordered Layes detained pending trial after concluding "there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community." Dkt. 10.  Judge Fricke made the following findings in support of her detention order:

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 3
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Mr. Layes/Starrett has no current residential address, and his former place of residence was with his girlfriend in a home owned by her family. This factor weighs in favor of detention -- because the government proffered that his girlfriend is no longer willing to have the defendant live with her – she considers him too dangerous and unstable.

Thurston County Superior Court also issued an extreme risk protective order, which, according to RCW 7.94.040(2), means the Court determined that Mr. Layes/Starrett is not allowed to possess or control any firearms, and found (by a preponderance of the evidence) a significant danger that he would cause personal injury to himself or others. This weighs in favor of detention.

Mr. Layes/Starrett has a business of his own, and professional credentials, so his employment is a factor that weighs in favor of release. Yet, he lacks community support– the defense did not disclose to U.S. Pretrial Services any friends or family who would verify Mr. Layes/Starrett's information, nor did the defense disclose to Pretrial Services the name of anyone who would be willing to be a third-party custodian, or allow him to live in their place of residence. Moreover, the government proffered that individuals who know Mr. Layes/Starrett were interviewed; these individuals reported the defendant has an extreme drug or alcohol problem. The defense did not give Pretrial Services any information that would allow Pretrial Services to formulate a plan to address any drug or alcohol problems; in order to craft conditions of supervised release to mitigate this type of risk, the defendant would need to cooperate with Pretrial Services. The facts show that he would be unlikely to conform his behavior to assist Pretrial Services in his supervision, or to follow the Court's orders.

During the detention hearing, the government proffered that they have specific evidence of (but have not yet charged) Mr. Layes/Starrett's activities of allegedly setting fires near Jehovah's Witnesses places of worship in the Western District of Washington between March 2018 and June 2020. The government also stated that the defendant's girlfriend indicated: the defendant told his girlfriend that he heard voices, and the voices were telling the defendant to hurt her, or to hurt her parents, and the voices told him they would kill him.

Dkt. 13.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 4
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

On September 22, 2021, a federal grand jury in this District issued a one count Indictment with the same firearm-related charge. Dkt. 12. Trial is presently scheduled for November 29, 2022. Dkt. 25.

On October 19, 2021, after a closed hearing, the Court granted a motion for withdrawal filed by the Office of the Federal Public Defender and determined that Layes can proceed *pro-se* with the assistance of stand-by counsel. Dkt. 19-20. The Court subsequently appointed attorney Lance Hester to serve in this role. Dkt. 21.

On or about October 15, 2021, Layes emailed the Court with a subject line of "Re-Open Detention Hearing." The Court construed the email as a motion to re-open detention and noted the motion for November 5, 2021. Dkt. 29-30. Layes' motion/email began by explaining that he was "writing to request a re-opening of [his] detention hearing" and stated that he would list the "reasons in support of the re-opening below. . ." Dkt. 29. Layes then included five numbered paragraphs setting forth the reasons he believes detention should be reopened, including (1) that he is not a danger to society and is innocent with respect to the "attacks against Jehovah Witnesses (JW) churches;" (2) that he did not threaten his girlfriend with a shotgun; (3) that he is not "mesmerized by fire;" (4) that he has a clean criminal record and there was no violence in his past relationships; and (5) that his conduct with respect to the firearms charge was merely negligent, not criminal in nature. Dkt. 29.

## II. LAW AND AUTHORITY

### A.   Detention Standard and Presumption

The Bail Reform Act provides that a court should detain a defendant pending trial if "no condition or combination of conditions . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The United States bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 5
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

The Bail Reform Act identifies four factors that a court should consider in analyzing detention issues: "(1) The nature and circumstances of the offense charged, including whether the offense . . . is a crime of violence . . .; (2) the weight of the evidence . . . ; (3) the history and characteristics of the person, including . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, . . . ; and . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . ."  18 U.S.C. § 3142(g).  "Of these factors, the weight of the evidence is the least important, and the statute neither requires nor permits pretrial determination of guilt."  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Finally, at a detention hearing the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors.  *See, e.g. United States v. Salerno*, 481 U.S. 739, 743 (1987); *United States v. Winsor*, 785 F.2d 757 (9th Cir. 1986); *United States v. Cardenas*, 784 F.2d 937 (9th Cir.), vacated as moot upon defendant's conviction, 792 F.2d 906 (9th Cir. 1986).

**B.** **Standard to Reopen Detention Proceedings**

As set forth above, this Court previously entered an order of permanent detention pending trial.  As a result, the present motion is a request to reopen the detention proceeding.  Pursuant to 18 U.S.C. § 3142(f), a detention hearing:

> may be reopened, before or after a determination by the judicial officer, or at any time before trial, if the judicial officer finds that information exists that ***was not known to the movant at the time of the hearing*** and that has a ***material bearing*** on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f) (emphasis added).  That is, Layes has the initial burden to present information that is both (i) material and (ii) truly "new," meaning that it was not available to him at the time of the original detention hearing.  "Courts have interpreted strictly the

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 6
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing." *United States v. Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio Dec.18, 2009) (citing *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir.1991); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989); *United States v. Peralta*, 849 F.2d 625, 626–27 (D.C.Cir.1988)).

### III.  ARGUMENT

As a preliminary matter, none of the arguments Layes relies upon in support of his motion are based on new evidence that was not available to him at the time of the detention hearing, and Layes does not argue to the contrary.  This fact alone compels a denial of his motion to reopen detention.

In any event, regardless of whether Layes' motion is based on new evidence not available to him at the time of the detention hearing, the information presented does not have a material bearing on the risk Layes would pose to the community if released.

As proffered by the government at the detention hearing, Layes is the primary suspect in a string of seven arsons and one shooting targeting Jehovah's Witness religious facilities in Thurston, Pierce, and Mason Counties between March 2018 and June 2020.  In at least one of the arsons, there were people inside the facility at the time of the arson.  This is not surprising, as some Jehovah's Witness facilities in the area have residences on the property and inside the main buildings.  Thus, it is common for people to be present, even in the middle of the night, making Layes' actions even more dangerous.

There is strong evidence that ties Layes to the arsons and shooting, which can be summarized in general terms as follows:

- o Law enforcement has obtained electronic evidence that places devices owned and controlled by Layes at and near the scenes of some of the arsons during the relevant time periods.

- o Electronic evidence also shows that accounts registered by Layes were used to conduct searches of the relevant locations and searches related to the Jehovah's Witness religion.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 7
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1

2

- o An individual matching the physical characteristics of Layes and a vehicle that matches the description of Layes' car were captured on surveillance video at some of the scenes.

3

4

- o Electronic evidence also shows that accounts registered by Layes were used to conduct searches of the relevant locations and searches related to the Jehovah's Witness religion.

5

6

Numerous friends and family members have also reported to law enforcement that

7

Layes told them he was haunted by spirits who told him to do bad things. They also

8

explained that Layes believes these spirits are the dead Jehovah's Witness relatives of an ex-

9

girlfriend, and that Layes hates the Jehovah's Witness religion. These friends and family

10

members also reported heavy drug and alcohol use by Layes, as well as serious mental health

11

issues.

12

Due to the nature of Layes' conduct and the information about his beliefs, mental

13

health, drug and alcohol abuse, and access to firearms, the government respectfully submits

14

that there are no conditions or combination of conditions that can reasonably assure the

15

safety of the community or his appearance for future court proceedings if he is released

16

pending trial. This is especially true because Layes has not articulated any proposed release

17

plan and it is not known where he would reside if released, or with whom. Prior to his arrest,

18

Layes was living at T.N.'s home, a place where he is no longer welcome, as T.N. has

19

indicated to law enforcement that she is afraid and does not want to see him.

20

Under these circumstances, Judge Fricke's prior findings and conclusions with respect

21

to detention are equally true today, and the issue of detention should remain closed.

22

//

23

//

24

//

25

26

27

28

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 8
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1

**IV.  CONCLUSION**

2          For the reasons set forth above, the United States respectfully requests that the Court

3   deny Layes' motion to reopen the issue of detention.

4

5          DATED this 28th day of October 2021.

6

7                                              NICHOLAS W. BROWN
                                               United States Attorney
8
                                               *s/ Rebecca S. Cohen*
9                                              REBECCA S. COHEN
                                               Assistant United States Attorney
10                                             United States Attorney's Office
                                               700 Stewart Street, Suite 5220
11                                             Seattle, Washington 98101-1271
                                               Phone: (206) 553-7970
12                                             E-mail: Rebecca.Cohen@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO REOPEN DETENTION HEARING - 9
*U.S. v. Layes a/k/a Starrett;* CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970