The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>MICHAEL LAYES a/k/a MIKEY DIAMOND STARRETT,<br><br>                  Defendant. | NO. CR21-5334-DGE<br><br>GOVERNMENT'S MOTION IN LIMINE TO AUTHENTICATE RECORDS<br><br>Trial Date: November 29, 2021 |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Rebecca S. Cohen and Max B. Shiner, Assistant United States Attorneys for said District, respectfully submits the following motion in limine pertaining to the trial scheduled for November 29, 2021. Through this motion, the government requests the Court to authenticate business records of Cabela's, LLC and Google, Inc., through the use of certifications pursuant to Fed. R. Evid. 803(6), 902(11), and 902(13).

The records in question are (1) records provided by Cabela's, LLC showing purchases made by defendant Michael Layes a/k/a Mikey Diamond Starrett; and (2) records provided by Google, Inc. associated with Starrett's Google account ACERA.CONSULTING@gmail.com. The records are included on the government's exhibit list as Exhibits 19 (Google) and 25 (Cabela's), and both sets of records were provided to Starrett in discovery. On November 16, 2021, notice to Starrett as contemplated by Fed. R. Evid. 902 was provided concerning the Cabela's records. On November 17, 2021, notice to Starrett as contemplated by Fed. R. Evid. 902 was provided concerning the Google records. The government does not intend to offer the full records into evidence at trial, but

Government's Motion in Limine
*United States v. Layes a/k/a Starrett*, CR21-5334-DGE – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

will create summary exhibits containing only the relevant portion of the records that the government will seek to admit into evidence.

Fed. R. Evid. 803(6) states that business records or, more specifically, "records of a regularly conducted activity," may be admitted if they are accompanied by a certification of their custodian that the records were (1) "made at or near the time by, or from information transmitted by, a person with knowledge"; (2) "kept in the course of a regularly conducted business activity"; and (3) generated as part of "the regular practice of that business activity." Fed. R. Evid. 803(6). Fed. R. Evid. 902(11) states that records of a regularly conducted activity need not be authenticated at trial if they are accompanied "by a written declaration of [their] custodian or other qualified person" attesting that they meet each of the requirements of Rule 803(6). Fed. R. Evid. 902(11). Likewise, Fed. R. Evid. 902(13) states that records "generated by an electronic process or system that produces an accurate result" may also be admitted solely using a certification that meets the requirements of Fed. R. Evid. 902(11). *See* Fed R. Evid. 902(13).

To meet this authentication requirement, the proponent of the evidence must "provide written notice . . . to all adverse parties" of its intention to offer the record into evidence under that rule and must "make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." *See* Fed R. Evid. 902(11), (13).

The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court held that, under the Confrontation Clause, "testimonial" statements of a witness who does not appear at trial cannot be admitted against a criminal defendant unless the witness is unavailable and was previously subject to cross-examination by the defendant. *Crawford*, 541 U.S. at 53-54. "Testimonial" hearsay, the Court explained, is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact, under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial. *Id.* at 51.

The Supreme Court, however, has also recognized that business records are "statements that by their nature [are] not testimonial." *Id.* at 56; *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009) ("Business and public records are generally admissible absent confrontation not because they

Government's Motion in Limine
*United States v. Layes a/k/a Starrett*, CR21-5334-DGE – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

qualify under an exception to the hearsay rules, but because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial - they are not testimonial."); *accord United States v. Feliz*, 467 F.3d 227, 233-37 (2d Cir. 2006).

        Federal Rule of Evidence 104(a) provides that "[p]reliminary questions concerning... the admissibility of evidence shall be determined by the court." Fed. R. Evid. 104(a).  In making any such preliminary determination, courts are not bound by the rules of evidence, *see id.*, or by the Confrontation Clause.  *See, e.g.*, *Bourjaily v. United States*, 483 U.S. 171, 178 (1987).  Accordingly, this Court can review the business records certifications in advance of trial (*see* the relevant certifications, which are attached as Exhibits A and B), decide whether they meet the requirements of Rule 902(11), and rule accordingly on the admissibility of the records themselves.  *See Melendez-Diaz*, 129 S. Ct. at 2539 (noting that "[a] clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did here").  Such a ruling would avoid the expense and inconvenience of presenting foundational testimony of custodial witness from Cabela's and Google.

        Because the purpose of requiring a custodial witness is merely to establish the authenticity of the business and electronic records, and because the question of authenticity is merely a threshold to admissibility, which is a matter this Court can determine in advance of trial, without regard to the Federal Rules of Evidence, it would not be an affront to Starrett's right of confrontation to allow the identified documents to be authenticated through records certifications.

//
//
//

Government's Motion in Limine
*United States v. Layes a/k/a Starrett*, CR21-5334-DGE – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

For all of the foregoing reasons, the Court should grant the government's motion and authenticate the Cabela's and Google records by certification and without need for testimony from custodian of records witnesses. The government is not asking the Court to admit the records, just to find that they are properly authenticated through the certifications.

DATED this 18th day of November, 2021.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Rebecca S. Cohen*
REBECCA S. COHEN
MAX B. SHINER
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Phone: 206-553-6526
E-mail: Rebecca.Cohen@usdoj.gov

Government's Motion in Limine
*United States v. Layes a/k/a Starrett*, CR21-5334-DGE – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970