The Honorable David G. Estudillo

FILED LODGED
RECEIVED
MAY 24 2024
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                      DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIKEY DIAMOND STARRETT a/k/a
MICHAEL JASON LAYES,

Defendant.

NO. CR21-5334-DGE

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorneys William Dreher and Jonas Lerman of the Western District of Washington, and through Assistant Attorney General Kristen Clarke and Special Litigation Counsel Christopher Perras and Trial Attorney Matthew Tannenbaum of the Civil Rights Division of the Department of Justice, and MIKEY DIAMOND STARRETT and STARRETT's attorney Bryan Hershman enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

Plea Agreement - 1
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Second Superseding Indictment.

    a. Damage to Religious Property, as charged in Count 1, in violation of Title 18, United States Code, Section 247(a)(1) and (d)(3).

    b. Damage to Religious Property, as charged in Count 3, in violation of Title 18, United States Code, Section 247(a)(1) and (d)(3).

    c. Damage to Religious Property, as charged in Count 5, in violation of Title 18, United States Code, Section 247(a)(1) and (d)(3).

    d. Use of a Firearm During and in Relation to a Crime of Violence, a lesser-included offense of the offense charged in Count 6, in violation of Title 18, United States Code, Section 924(c)(1)(A) and (c)(1)(A)(ii).

    e. Damage to Religious Property, as charged in Count 7, in violation of Title 18, United States Code, Section 247(a)(1) and (d)(3).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

    a. The elements of Damage to Religious Property, as charged in Counts 1, 3, and 7, are as follows:

        First, the defendant defaced, damaged, or destroyed religious real property;

        Second, the defendant acted intentionally;

        Third, the defendant acted because of the religious character of the property;

Plea Agreement - 2
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fourth, the offense was in or affected interstate or foreign commerce; and

Fifth, the defendant used or attempted to use fire to commit the offense.

b. The elements of Damage to Religious Property, as charged in Count 5, are as follows:

First, the defendant defaced, damaged, or destroyed religious real property;

Second, the defendant acted intentionally;

Third, the defendant acted because of the religious character of the property;

Fourth, the offense was in or affected interstate or foreign commerce; and

Fifth, the defendant used or attempted to use a dangerous weapon to commit the offense.

c. The elements of Use of a Firearm During and in Relation to a Crime of Violence, a lesser-included offense of the offense charged in Count 6, are as follows:

First, the defendant committed a crime of violence, that is, the offense of Damage to Religious Property, as charged in Count 5;

Second, the defendant knowingly brandished a firearm, that is, a 5.56 x 45mm caliber M4 Colt carbine semi-automatic rifle, during and in relation to that crime.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Damage to Religious Property, as charged in Counts 1, 3, 5, and 7: A maximum term of imprisonment of up to 20 years; a fine of up to the greater of $250,000 or twice the cost of the loss caused by the offense; a period of supervision following release from prison of up to 3 years; and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 3
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. For the offense of Use of a Firearm During and in Relation to a Crime of Violence, a lesser-included offense of the offense charged in Count 6: A maximum term of imprisonment of up to life and a mandatory minimum term of imprisonment of 7 years, which sentence must run consecutive to any other term of imprisonment imposed on the Defendant, including any term of imprisonment imposed for the offense charged in Count 5; a fine of up to the greater of $250,000 or twice the cost of the loss caused by the offense; a period of supervision following release from prison of up to 3 years; and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Plea Agreement - 4
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

Plea Agreement - 5
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1                g.    The right to testify or to remain silent at trial, at which trial such
silence could not be used against Defendant; and

        h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

        a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

        b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, from Count 6's mandatory minimum term of imprisonment of 7 years up to the maximum term authorized by law;

        c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement - 6
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

       7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

       8.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses to which the Defendant is pleading. The parties agree on the following facts:

         a.     Between March and July 2018, Defendant intentionally defaced, damaged, and destroyed religious real property of three Jehovah's Witness Kingdom Halls within the Western District of Washington, because of the religious character of the properties. As Defendant then well knew, a Kingdom Hall is a place of worship used by Jehovah's Witnesses.

         b.     On the morning of March 19, 2018, Defendant set fire to the Tumwater Kingdom Hall located at 1199 N 9th Ave SW, Tumwater, WA 98512, and then set fire to the Olympia Kingdom Hall located at 2225 Cain Rd SE, Olympia, WA 98501. The Defendant traveled to these locations wearing a hoodie and gloves in an effort to conceal his identity. At each of the Kingdom Halls, Defendant poured an ignitable liquid from white plastic jugs onto the exterior of the Kingdom Hall and then set the liquid on fire. The resulting fires damaged the Kingdom Halls, which was what Defendant intended.

         c.     In each of the two arsons described in subparagraph (b), the Defendant intentionally damaged religious real property because of the religious character of that property, and he used fire to commit the offenses. Both offenses were in and affected interstate commerce. The ignitable liquid Defendant used in these offenses traveled in interstate commerce. Defendant also researched the locations of the Tumwater and Olympia Kingdom Halls, and a method for setting fire to them, using the Internet. Finally, Defendant agrees that the government can prove beyond a reasonable doubt that his actions caused approximately $7,000 in

Plea Agreement - 7
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

damage to the Tumwater Kingdom Hall and approximately $10,000 in damage to the Olympia Kingdom Hall, including costs to repair the exterior of the Kingdom Halls that Defendant set on fire.

    d.    The Defendant intentionally selected these two Kingdom Halls as the objects of the offenses described in subparagraph (b) because of the actual or perceived religion of the individuals attending religious services at those properties.

    e.    On the morning of May 15, 2018, Defendant traveled to the Yelm Kingdom Hall located at 15012 Vail Rd SE, Yelm, WA 98597. Defendant brought his 5.56 x 45mm caliber M4 Colt carbine semi-automatic rifle. When he arrived at the Yelm Kingdom Hall, Defendant brandished the M4 Colt rifle and fired 16 rounds of PMC .223 caliber ammunition into the walls and windows of the Yelm Kingdom Hall and the asphalt of the Kingdom Hall's parking lot. The Defendant intentionally damaged this religious real property because of the religious character of that property, and used a firearm, a dangerous weapon, to commit the offense. This offense was also in or affected interstate commerce. The Defendant used a firearm and ammunition that traveled in interstate commerce to damage this Kingdom Hall, and researched its location using the Internet. Finally, Defendant agrees that the government can prove beyond a reasonable doubt that his actions caused approximately $2,000 in damage, including costs to repair the walls and windows of the Yelm Kingdom Hall that Defendant shot.

    f.    The Defendant intentionally selected the Yelm Kingdom Hall as the object of the offense described in subparagraph (e) because of the actual or perceived religion of the individuals attending religious services at the Yelm Kingdom Hall.

Plea Agreement - 8
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. On the morning of July 3, 2018, Defendant traveled again to the Olympia Kingdom Hall located at 2225 Cain Rd SE, Olympia, WA 98501. He was wearing a hoodie, face mask, and gloves in an effort to conceal his identity. The Defendant placed a box of fire logs next to the exterior of the Kingdom Hall, doused the box of fire logs with an ignitable fluid, and set it on fire. The resulting fire destroyed the entirety of the Olympia Kingdom Hall. The Defendant intentionally damaged this religious real property because of the religious character of that property, and used fire to commit the offense. This offense was also in and affected interstate commerce. The Defendant used fire logs that traveled in interstate commerce to set fire to this Kingdom Hall, and researched its location using the Internet. Moreover, at least one out-of-state corporate entity, the Watchtower Bible and Tract Society of New York, paid some of the costs to demolish and rebuild the Olympia Kingdom Hall after the Defendant burned it down.

i. The Defendant intentionally selected the Olympia Kingdom Hall as the object of the offense described in subparagraph (g) because of the actual or perceived religion of the individuals attending religious services at the Olympia Kingdom Hall.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to the offenses charged in Counts 1, 3, 5, and 7 in this case:

    a. A base offense level of 24, pursuant to USSG §§ 2H1.1(a)(1) and 2K1.4(a)(1);

Plea Agreement - 9
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      b.    A three-level increase because the Defendant intentionally selected the properties that were the object of the offenses charged in Counts 1, 3, 5, and 7 to be the object of those offenses because of the actual or perceived religion of the individuals attending religious services at those properties, pursuant to USSG § 3A1.1(a);

      c.    A three-level increase due to the grouping of the counts to which the Defendant is pleading guilty, pursuant to USSG § 3D1.1;

      d.    A three-level decrease for acceptance of responsibility, pursuant to USSG § 3E1.1 (*see* paragraph 10, *infra*); and

      e.    A total offense level of 27.

The parties further agree that, per USSG § 2K2.4(b), the guideline sentence applicable to Count 6 will be 84 months, the minimum term of imprisonment required by statute.

Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.    **Acceptance of Responsibility.** At sentencing, if the Court concludes that Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is

Plea Agreement - 10
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a term of no greater than 171 months. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b. Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest

Plea Agreement - 11
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

   c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

  13. **Forfeiture of Assets.** Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately his right, title, and interest in all firearms and ammunition that

Plea Agreement - 12
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

were involved in his commission of Use of a Firearm During and in Relation to a Crime of Violence, a lesser-included offense of that charged in Count 6. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes, but is not limited to, the 5.56 x 45mm caliber M4 Colt carbine semi-automatic rifle identified in Count 6, and any associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated. Defendant also agrees he will not assist anyone else who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property consists of firearms and ammunition involved in his commission of Use of a Firearm During and in Relation to a Crime of Violence.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington and Civil Rights Division of the United States Department of Justice agree not to prosecute

Plea Agreement - 13
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

Plea Agreement - 14
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of

Plea Agreement - 15
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office or Civil Rights Division of the United States Department of Justice.

//
//
//

Plea Agreement - 16
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington and the Civil Rights Division of the United States Department of Justice. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of May, 2024.

*/s/ Mikey Diamond Starrett*
MIKEY DIAMOND STARRETT
Defendant

*/s/ Bryan G. Hershman* WSB 14380
BRYAN G. HERSHMAN
Attorney for Defendant

*/s/ Jonas for*
WILLIAM DREHER
Assistant United States Attorney

*/s/ Jonas for*
MATTHEW TANNENBAUM
Trial Attorney

*/s/ Jonas for*
THOMAS WOODS
Assistant United States Attorney

Plea Agreement - 17
*United States v. Starrett*, CR21-5334-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970